UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL, | Case No. 2:25-cv-2101-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| INSURANCE AGENTS, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against Insurance Agents, Government Agencies, Uber, Lyft, and Medi-Cal Transports Brokers. His complaint fails to state a claim and is therefore dismissed. I will give plaintiff leave to amend to file an amended complaint that better explains the factual basis for his claims. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he scheduled a medical transport to take him to a chiropractor appointment. ECF No. 1 at 8. The first transport was through Lyft, but the driver never arrived and ultimately canceled the ride. *Id.* The second transport was through Uber. The driver arrived late, which caused plaintiff to miss his appointment. *Id.* During the ride with the Uber driver, plaintiff asked to use the restroom. *Id.* The driver pulled over and pressured plaintiff to urinate on the side of the road. *Id.* The driver ended up leaving plaintiff on the side of the road, and Uber promised another driver would pick plaintiff up, but that did not occur. *Id.* at 9. After being stranded for hours, plaintiff called his landlord to rescue him. *Id.* Plaintiff asserts claims under the ADA, the Rehabilitation Act, negligence, and intentional infliction of emotion distress. *Id.*

1       Plaintiff's limited allegations are insufficient to put defendants and the court on notice of
2 plaintiff's claims and the factual basis for them. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646,
3 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts
4 which defendants engaged in that support the plaintiff's claim.").

5       More fundamentally, the allegations do not sufficiently allege a valid claim.
6 A plaintiff asserting a claim of disability discrimination under the ADA "must show that (1) she
7 is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,
8 or operates a place of public accommodation; and (3) the plaintiff was denied public
9 accommodations by the defendant because of her disability." *Doe v. CVS Pharmacy, Inc.*, 982
10 F.3d 1204, 1212 (9th Cir. 2020) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir.
11 2007)). And a plaintiff asserting a claim under the Rehabilitation Act must allege that "(1) he is
12 an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was
13 denied the benefits of the program solely by reason of his disability; and (4) the program receives
14 federal financial assistance." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001); 29
15 U.S.C. § 794(a). The allegations fail to allege claims under either statute.

16       Furthermore, plaintiff has not sufficiently alleged claims for either tort. The elements of a
17 negligence claim under California law are duty, breach, causation, and injury. *Vasilenko v. Grace*
18 *Family Church*, 3 Cal. 5th 1077, 1083, 224 Cal.Rptr.3d 846, 404 P.3d 1196 (2017). Under a
19 theory of intentional infliction of emotional distress, a plaintiff must prove: "(1) extreme and
20 outrageous conduct by the defendant with the intention of causing, or reckless disregard of the
21 probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional
22 distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's
23 outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1988).

24       Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
25 plaintiff a chance to amend his complaint before recommending that this action be dismissed.
26 Plaintiff should also take care to add specific factual allegations against defendant. If plaintiff
27 decides to file an amended complaint, the amended complaint will supersede the current one. *See*
28 *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the

amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   August 18, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE