UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br>Plaintiff,<br>v.<br>INSURANCE AGENTS, *et al.*,<br>Defendants. | Case No. 2:25-cv-2101-DJC-JDP (PS)<br><br>ORDER |

Plaintiff brings this action against Uber Technologies, Inc.; Lyft, Inc.; and Health Net of California, Inc. I will dismiss the amended complaint and give plaintiff an opportunity to remedy the deficiencies identified below.[1]

[1] Plaintiff filed a motion asking for permission to electronically file and for PACER notifications. ECF No. 10. As an initial matter, plaintiff does not need a court order to receive such notifications. Any member of the public can monitor case activity by creating an account on Public Access to Court Electronic Records, https://pacer.login.uscourts.gov. Moreover, as a general rule, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). The court does not find good cause to depart from the normal filing procedure for unrepresented litigants. The motion is therefore denied.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As with his prior complaint, plaintiff alleges that he missed his chiropractor's appointment due to a scheduling error with medical transport. ECF No. 9 at 6-7. Plaintiff claims that his first scheduled ride was late, which caused him to order another ride. *Id.* at 14. While waiting for the new ride, plaintiff was stranded in an unfamiliar location. *Id.* at 16. Plaintiff alleges that while he

was waiting, he needed to use the restroom and was forced to relieve himself on the side of the road. *Id.* When plaintiff was picked up, he claims that the situation became worse because the driver had "limited English comprehension." *Id.* at 17. Plaintiff claims that due to this error, he missed his appointment. *Id.*

Plaintiff brings claims for negligence; negligent hiring, training, supervising; breach of contract; promissory estoppel; negligent misrepresentation; negligent infliction of emotional distress; "violation of disability access and medical transportation duties." *Id.* at 22-24.

At bottom, plaintiff has failed to show how (1) how either Uber or Lyft owed him a duty of care and (2) what, if any, involvement Health Net had in plaintiff's missed rider. The court is further concerned that, even if plaintiff could demonstrate duty, he will run into California's economic loss rule. Under that rule, "purely economic losses are not recoverable in tort." *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013) (citation omitted). Finally, the court notes that in a similar situation involving a missed ride pickup, a court in the Northern District compelled the plaintiff to arbitration due to Uber's arbitration agreement. *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 991 (N.D. Cal. 2017). Plaintiff should take care to consider if arbitration is the appropriate path for his claims.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for electronic filing, ECF No. 10, is DENIED.

2. Plaintiff's complaint, ECF No. 9, is DISMISSED with leave to amend.

3. Within twenty-one days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE